**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE:** | |
| | |
| **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE EIGHTH DISTRICT JUDGE FOR CIVIL MATTERS OF MEXICO CITY, MEXICO IN THE MATTER OF** | |
| | |
| **ABSG CONSULTING, INC.,** | **CIVIL ACTION NO. 1:24-cv-00104-JB-MU** |
| | |
| **Plaintiff,** | |
| | |
| **v.** | |
| | |
| **TAMAULIPAS MODULAR RIG, S.A. de C.V.,** | |
| | |
| **Defendant.** | |

**APPLICATION FOR ORDER UNDER 28 U.S.C. § 1782(a)**

The United States of America, by and through the United States Attorney for the Southern District of Alabama, Sean P. Costello, petitions this Court for an order, pursuant to 28 U.S.C. § 1782(a), appointing the undersigned Assistant United States Attorney as a Commissioner for the purpose of obtaining the requested evidence and taking all other necessary actions, including issuing necessary subpoenas and correspondence, to provide the assistance requested in the Letter of Request issued by the Eighth District Judge for Civil Matters of Mexico City, Mexico, pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Convention").

## PROCEDURAL AND FACTUAL BACKGROUND

This Application is made pursuant to a Letter of Request issued by the Eighth District Judge for Civil Matters of Mexico City, Mexico seeking evidence in the form of written interrogatory answers pursuant to the Convention, which entered into force with respect to the United States on October 7, 1972.  23 U.S.T. 2555, TIAS No. 7444.  The original Spanish language Letter of Request is attached hereto as Exhibit A, and the English translation of the Letter of Request, which was provided by the foreign tribunal, is attached hereto as Exhibit B.  In the Letter of Request, the Eighth District Judge for Civil Matters of Mexico City, Mexico has requested the United States obtain evidence in the form of interrogatory answers from Chad Wozniak ("Wozniak"), an individual who lives in this District in Monroe County, Alabama.[1]  This testimony is to be used in the pending civil matter of *ABSG Consulting, Inc. v. Tamaulipas Modular Rig, S.A. de C.V.*, Ordinary Commercial Case No. 105/2019 (the "Mexico Action").  The Mexican court appears to be determining a payment dispute between the parties in the Mexico Action.

The Letter of Request was sent to the Department of Justice's Office of International Judicial Assistance ("OIJA") on December 3, 2023.  (*See* Dec. 3, 2023 Letter from Rodrigo Garcia Galindo, attached hereto as Exhibit C.)   OIJA sent letters to Wozniak via Federal Express on December 28, 2023, January 25, 2024, and February 22, 2024.  (*See* Dec. 28, 2023 Letter from Krysta Stanford, attached hereto as Exhibit D; Jan. 25, 2024 Letter from Krysta Stanford, attached hereto as Exhibit E; Feb. 22, 2024 Letter from Krysta Stanford, attached hereto as Exhibit F.)  To date, Wozniak has not provided responses to the interrogatories despite being provided ample opportunity to do so voluntarily.

---

[1]  Wozniak resides at 3599 County Road 17, Franklin, Alabama 36444.

**LEGAL ARGUMENT**

**I.       The Convention**

The Convention entered into force with respect to the United States on October 7, 1972.

23 U.S.T. 2555, TIAS No. 7444.   Under Article VI of the United States Constitution, treaty

provisions, such as those governing this Application, are the law of the land, on an equal footing

with acts of Congress, and are binding on the courts.  *See Gandara v. Bennett*, 528 F.3d 823, 830

(11th Cir. 2008) (Rodgers, J., concurring) (stating that self-executing treaties are "immediately and

directly binding on state and federal courts pursuant to the Supremacy Clause"); *Bishop v. Reno*,

210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with

a treaty").

The Convention affords each participating nation the use of the judicial processes of other

participating nations where such assistance is needed in civil or commercial matters "to facilitate

the transmission and execution of Letters of Request and to further the accommodation of the

different methods which they use for this purpose."  Pmbl. to the Convention.  The Convention

has entered into force between Mexico[2] and the United States.   Hague Convention on Private

International Law, *supra* note 2.  Article 10 to the Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate
> measures of compulsion in the instances and to the same extent as are provided by
> its internal law for the execution of orders issued by the authorities of its own
> county or of requests made by parties in internal proceedings.

---

[2]  The Convention entered into force in Mexico on September 25, 1989.  Hague Convention
on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of
Evidence      Abroad      in      Civil      or      Commercial      Matters*,      available      at
https://www.hcch.net/en/instruments/ _conventions/status-table/?cid=82 (last visited April 3,
2024).

Further, Article 9 of the Convention provides that "[t]he judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed[,]" and that a "Letter of Request shall be executed expeditiously."

**II.     Statutory considerations weigh in favor of granting the United States' Application.**

Pursuant to 28 U.S.C. § 1782, the Court has the authority to order a person or entity residing in its district to produce a document or thing for use in a proceeding in a foreign or international tribunal.  The Court may direct that the document or other thing be produced before a person appointed by the Court.  28 U.S.C. § 1782(a).  District courts regularly appoint Department of Justice lawyers (including Assistant United States Attorneys) to act as commissioners pursuant to Section 1782 for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance.  *See, e.g., In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory); *In re Request for Judicial Assistance from the Nat'l Court of Original Jurisdiction No. 68 in Buenos Aires, Argentina*, No. 3:19-MC-31-J-39MCR, 2019 WL 5528394, *2 (M.D. Fla. Oct. 25, 2019) (appointing Department of Justice attorney as commissioner to obtain evidence from Merrill Lynch).  By virtue of the appointment, a commissioner has the power to administer any necessary oath and take evidence on behalf of the foreign tribunal.  28 U.S.C. § 1782(a).

The Eleventh Circuit has identified the following statutory prerequisites for bringing an action pursuant to 28 U.S.C. § 1782: (1) the request is made by a foreign tribunal or interested person; (2) the request is for evidence, whether testimonial in nature, or the production of an item; (3) the evidence is for use in a proceeding before a foreign tribunal; and (4) the person from whom the evidence is sought is found within the district of the court to which the request is made.  *In re*

*Clerici*, 481 F.3d at 1331-32.  Upon meeting these prerequisites, a district court has the discretion to grant the Section 1782 request.  *Id.* at 1333.

In this case, the statutory requirements for commencing an action under Section 1782 have been met.  The request is from a foreign tribunal (the Eighth District Judge for Civil Matters of Mexico City, Mexico) requesting testimonial evidence in the form of interrogatory answers.  The testimonial evidence is for use in the pending Mexico Action.  Finally, Wozniak resides in the Southern District of Alabama and, more specifically, resides in Monroe County, Alabama.  As such, the statutory requirements for bringing a Section 1782 action are satisfied and this Court should appoint the undersigned Assistant United States Attorney as Commissioner for the purpose of obtaining the requested evidence from Wozniak.

## III.   Discretionary considerations weigh in favor of granting the United States' Application.

Even when the statutory prerequisites under Section 1782 are met, the Court is not required to grant a request under that section.  *In re Clerici*, 481 F.3d at 1334 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004)).  The discretionary factors include: (1) whether the person from whom evidence is sought is a litigant in the foreign proceeding; (2) the nature of the proceeding pending abroad; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome."  *Id*.

According to the Letter of Request, Wozniak "is personally and directly aware of the facts described in the lawsuit" and it appears that Wozniak has knowledge and/or information regarding the commercial relationship between the parties in the Mexico Action.  Wozniak is not listed as a party in the Mexico Action.  Moreover, there is no indication that the nature of the Mexico Action (an "Ordinary Commercial Case") should preclude the relief contemplated in Section 1782.  There

is also no indication that the Mexican court (or any of the parties to the Mexico Action) is attempting to utilize Section 1782 to circumvent Mexico's proof gathering restrictions. Finally, there is no indication that answering the interrogatories contained in the Letter of Request would be "unduly intrusive or burdensome."[3] As such, Section 1782's discretionary factors favor granting the United States' Application and this Court should appoint the undersigned Assistant United States Attorney as Commissioner for the purpose of obtaining the requested evidence from Wozniak.

## CONCLUSION

In this case, the statutory and discretionary factors underlying 28 U.S.C. § 1782 favor authorizing judicial assistance to the Mexican court to obtain the testimony of Chad Wozniak. Accordingly, the United States respectfully requests that the Court issue an Order (in the form attached to the Application) appointing Assistant United States Attorney Timothy A. Heisterhagen as Commissioner for the purpose of administering any necessary oaths, making any necessary certifications, issuing any necessary subpoenas, and otherwise taking actions necessary to render the assistance requested in the Letter of Request issued by the Eighth District Judge for Civil Matters of Mexico City, Mexico.

[*Signature Block Follows on Next Page*]

---

[3] If Wozniak believes that answering the proposed interrogatories would be "unduly intrusive or burdensome," he will have a chance to raise those issues before the Court. *See In re Clerici*, 481 F.3d at 1335.

Dated: April 10, 2024

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By: *s/ Timothy A. Heisterhagen*
    Timothy A. Heisterhagen
    Assistant United States Attorneys
    Southern District of Alabama
    63 South Royal Street, Suite 600
    Mobile, Alabama 36602
    Telephone: 251-415-7180
    Email: timothy.heisterhagen@usdoj.gov

    *Attorney for the United States*